UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RAY WALKER,

    Plaintiff,                       CIVIL ACTION NO. 05-40205

    v.                                DISTRICT JUDGE PAUL V. GADOLA

MINNIE MARTIN, MD, and,        MAGISTRATE JUDGE VIRGINIA MORGAN
CELESTE FRASER, PA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the defendants' Motion for Summary Judgment filed in June, 2007. This is a *pro se* prisoner civil rights action in which plaintiff, an inmate in the custody of the Michigan Department of Corrections, complains about the medical treatment he was receiving at the Gus Harrison Correctional Facility. Plaintiff was paroled March 20, 2007, and has not responded to this motion. For the reasons discussed in this Report, it is recommended that the motion be granted and the case dismissed.

Plaintiff sued Dr. Minnie Martin and Physician Assistant Celeste Fraser for deliberate indifference to his medical needs, alleging cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. Defendant contends that summary judgment is appropriate because plaintiff's complaints do not establish a Constitutional violation and because plaintiff failed to exhaust his claims against Fraser.

- 1 -

Summary judgment is governed by Federal Rule of Civil Procedure Rule 56. In deciding a motion for summary judgment, the court must determine if there is a genuine issue as to any material fact. If not, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The facts are to be considered in a light most favorable to the non-moving party, and "... all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.,* 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Once the movant satisfies its burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 153-54 (6th Cir.1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough," *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (quoting *Gregg v. Allen-Bradley Co.,*

801 F.2d 859, 863 (6th Cir.1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff brings this action under 42 U.S.C. § 1983. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived the person of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981); Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir. 1988). Absent either element, a § 1983 claim will not lie. Christy v. Bandlett, 932 F.2d 502, 504 (6th Cir. 1991).

Here, plaintiff claims a violation of the Eighth Amendment by persons acting in the context of their state employment. Defendants do not dispute that they acted under color of state law. With respect to the conduct at issue, medical care in the prison context has been held to be reviewed under the Eighth Amendment. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain', Gregg v. Georgia, 428 U.S. 153 at 173, 96 S.Ct. 2909 at 2925, 49 L.Ed. 2d 859 (1976), proscribed by the Eighth Amendment." 429 U.S. 104. This standard is two-pronged. The plaintiff must establish deliberate indifference on the part of prison officials and must also demonstrate that the prisoner's medical needs were serious. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); West v. Keve, 571 F.2d 158, 161 (3rd Cir. 1978).

Medical malpractice does not rise to the level of a constitutional violation merely because the victim is a prisoner. <u>Estelle v. Gamble</u>, 429 U.S. at 106. It is settled that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Where there is an ongoing pattern of treatment, the prisoner's constitutional rights are not infringed. In <u>Estelle</u>, for example, the prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a number of options which had not been pursued by the prisoner's doctor. The Court concluded that the decision to order additional diagnostic tests or treatment was a classic example of the exercise of medical judgment and did not represent cruel and unusual punishment. <u>Id</u>. at 107. In determining whether conduct constitutes deliberate indifference, the Supreme Court provided additional guidance and definition in <u>Farmer v. Brennan</u>, 114 S.Ct. 1970, (1994). There, the Court held that a prison official may be liable under the Eighth Amendment for denying an inmate humane conditions of confinement only if "he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. The Eighth Amendment does not outlaw cruel conditions; it outlaws cruel punishments." <u>Id.</u> 114 S.Ct. at 1979. A constitutional violation occurs only where the deprivation alleged is objectively sufficiently serious to inmate health or safety, and the official was subjectively aware of the risk. Objectively inhumane prison conditions are not enough. The

subjective component of the deliberate indifference standard does not permit liability to be premised on obviousness or constructive notice. There must be subjective recklessness, as that term is used in the criminal law. An official must consciously disregard a substantial risk of serious harm, that is, he must know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it, in order to be liable for deliberate indifference under the Eighth Amendment. Id. at 1979.

In this case, plaintiff was serving a sentence for DUIL Third Offense. He claims that he passed out on November 16, 2003, due to poorly controlled hypertension. He alleges that the problems began in August, 2003. Dr. Martin increased plaintiff's hypertension medication but he experienced increasing dizziness.[1] The medical records reviewed in the grievance response attached to plaintiff's complaint and the Progress Notes indicate that plaintiff had been seen by medical personnel every four or five days beginning in October, 2003, for an unrelated issue and high blood pressure. Dr. Martin changed his blood pressure medication. Plaintiff reported the new medications, Catapress and Vasotec, made him drowsy and caused frequent urination. He stopped taking his medications. He was given Procardia, as plaintiff stated he used to take that with good results. On November 4, 2003, he was sent to Bixby Hospital and returned with his new medications. On November 7, 2003, his blood pressure was monitored and he was seen by the physician. On November 16, 2003, he stated that he passed out while walking, broke his jaw

---

[1]The complaint states the medication was increased; the grievance (Ex. B) states that he was being "weaned off Catapress."

and knocked out two to four teeth.[2] The incident was unwitnessed. Plaintiff was hospitalized for five days in Bixby Hospital in Adrian and Foote Hospital in Jackson. He continued to be monitored at least weekly for his blood pressure and medication, with adjustments being made during the course of treatment. With respect to his jaw problems, the jaw was wired shut, though plaintiff alleges that it was done crookedly. He also had problems with his hearing and states he complained to Dr. Martin and PA Fraser that he needed to have his jaw and hearing checked.[3] It took 18 months to get tooth replacement and plaintiff states that the tooth is crooked. He states that the conduct of Martin and Fraser was so negligent as to be deliberately indifferent.

In this case, the medical records and progress notes, and even plaintiff's allegations, show an ongoing pattern of treatment, adjustment of medication, hospital visits and blood pressure monitoring. Even viewed in a light most favorable to plaintiff, the facts do not support a finding that the medical personnel (whoever they may have been) acted with "deliberate indifference" as required. *See Farmer,* 511 U.S. at 834 (holding to establish an Eighth Amendment violation "an inmate must show he is incarcerated under conditions posing a substantial risk of harm" and that the official possessed a culpable state of mind.). Plaintiff has failed to show facts sufficient to rebut a determination that defendants are entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 251-52.

---

[2] He states in the complaint that he lost four teeth; the grievance (Ex. A) states his two front teeth.

[3] There is no documentary evidence that Dr. Martin was the physician who implemented the treatment plan for plaintiff.

Because defendant is entitled to summary judgment on the merits, it is unnecessary to determine whether P.A. Fraser was sufficiently identified in the grievance process in order for plaintiff's claims against Fraser to be fully exhausted. See, *Woodford v. Ngo*, 548 U.S.__; 126 S.Ct. 2378, 2382-83 (2006); *Jones v. Bock*, 127 S.Ct. 910 (2007).

It also should be noted that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the case could be dismissed. The rule provides that "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of any claim against him. . . ." In <u>Link v. Wabash Railroad Company</u>, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of prosecution <u>sua</u> <u>sponte</u>. See also, <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980). The Supreme Court in <u>Link</u>, supra, held that:

> "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

<u>Link</u>, 370 U.S. at 629-630, 82 S.Ct. at 1388-1389.

The Supreme Court in <u>Link</u>, <u>supra</u>, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void. <u>Link</u>, 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order

entered without notice and a preliminary adversary hearing offends due process. Link, 370 U.S. at 632, 82 S.Ct. at 1389. The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Link, 370 U.S. at 632, 82 S.Ct. 1390. In the case-at-bar, as in Link, supra, the plaintiff should have been aware of the consequences of his actions in failing to move this litigation forward since the date of March 5, 2007. The docket reflects no change of address from his MDOC facility.

Accordingly, it is recommended that the defendants' motion be granted and case dismissed with prejudice and without fees or costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    s/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: October 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 5, 2007.

                    s/Jane Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan